## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-1307 |
| | ) | |
| HOWARD HANNA *and* | ) | |
| UNTOWN ALLIES LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

Presently before the Court is *pro se* Plaintiff William Scott's Motion to Proceed In Forma Pauperis and Amended Motion to Proceed In Forma Pauperis filed on September 13 and September 23, 2024, (Docket Nos. 1 and 2), along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket No. 1-1). After reviewing Plaintiff's IFP Motion and Amended IFP Motion, the Court finds that he is without sufficient funds to pay the required filing fee. Thus, Plaintiff will be granted leave to proceed in forma pauperis.

Turning to Plaintiff's Complaint, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to screen and dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019). In analyzing whether a complaint fails to state a claim a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Heffley v. Steele*, 826 F. App'x 227, 230 (3d Cir. 2020) (citation omitted).

To that end, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and also "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Given that Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint and employs less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

Plaintiff's Complaint, which is filed on a form document entitled "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)," is difficult to decipher given that he checks as a basis for jurisdiction that he is bringing a § 1983 claim against state or local officials, but he has not alleged any facts which gave rise to his purported claim in the "Statement of Claim" section, which is entirely blank. (*See* Docket No. 1-1 at 3, 4). Nonetheless, Plaintiff asserts in the "Injuries"

2

section of the Complaint that he has been "defrauded from California to Pittsburgh, PA on a scam [that] left [him] homeless," and he seeks damages in the amount of $2.3 million as a result.  (*Id.* at 5).

As best the Court can decipher, Plaintiff may be attempting to advance a claim under 42 U.S.C. § 1983, although he may also be trying to assert another type of claim given that the Civil Cover Sheet specifies the nature of the lawsuit as "All Other Real Property."[1]  (*See* Docket No. 1-2).  Section 1983 does not create any substantive rights, but rather provides a remedy for deprivations of rights created by the Constitution or federal law.  *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985).  "To state a claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  As currently pled, Plaintiff's Complaint does not satisfy this standard because he does not identify any right created by the Constitution or federal law that he claims to have been deprived of by someone acting under color of state law.

In sum, the Court is unable to discern the contours of Plaintiff's purported § 1983 claim, or whether he is attempting to assert some other type of claim.  As currently pled, the Court finds that Plaintiff's Complaint fails to state a claim on which relief may be granted, and therefore the Complaint will be dismissed without prejudice to Plaintiff filing an Amended Complaint to the extent that he is able to state a plausible claim for relief.  *See e.g., Duglas v. Kamper*, No. 19-3010,

---

[1]      Pursuant to the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although cognizant that Plaintiff is proceeding *pro se*, the Court nonetheless notes that his Complaint does not come close to complying with this requirement.  As noted, Plaintiff's Complaint is devoid of any factual allegations.

2019 WL 3230931, at *1 (E.D. Pa. July 17, 2019) (after granting in forma pauperis status, the Court "must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction." (citing 28 U.S.C. § 1915(e)(2)(B)); *Spell v. Allegheny Cty. Admin.*, No. 14-1403, 2015 WL 1321695, at *7 (W.D. Pa. Mar. 24, 2015) (permitting amendment by *pro se* plaintiff where "the facts alleged [in the complaint] are simply too vague, and the theories of liability too poorly articulated" for the Court "to determine whether allowing [him] to amend . . . would be futile").

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 1st day of October, 2024, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis and Amended Motion for Leave to Proceed In Forma Pauperis, (Docket Nos. 1 and 2), are GRANTED;

(2) Plaintiff's Complaint (Docket No. 1-1) is DISMISSED WITHOUT PREJUDICE to amendment by Plaintiff to the extent that he is able to state a plausible claim for relief; and,

(3) To the extent Plaintiff wishes to file an Amended Complaint, he must do so by October 22, 2024.  If Plaintiff fails to file an Amended Complaint by October 22, 2024, the case will be closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc:       William Scott (via U.S. mail)
          507 W. 157th Street
          Gardena, CA  90248