IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-1307 |
| | ) |
| HOWARD HANNA *and* | ) |
| UNTOWN ALLIES LLC, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

*Pro se* Plaintiff William Scott originally filed a Motion to Proceed In Forma Pauperis and an Amended Motion to Proceed In Forma Pauperis, along with a proposed Complaint, which was lodged pending disposition of the IFP Motions. (Docket Nos. 1; 1-1; 2). After reviewing Plaintiff's IFP Motion and Amended IFP Motion, the Court entered a Memorandum Order on October 1, 2024 (the "October 1st Memorandum Order"), finding that he was without sufficient funds to pay the required filing fee and granting him leave to proceed in forma pauperis. (Docket No. 3 at 1).

As to Plaintiff's proposed Complaint, the Court found that the Complaint, as pled, failed to state a claim on which relief may be granted, and dismissed the Complaint without prejudice to Plaintiff filing an Amended Complaint to the extent that he could state a plausible claim for relief. (Docket No. 3 at 3). If Plaintiff wished to file an Amended Complaint, he was ordered to do so by October 22, 2024, or the case would be closed. (*Id.* at 4). Plaintiff did not file an Amended Complaint by that established deadline, thus the Court entered a Memorandum Order on October

1

28, 2024 closing the case, along with a final judgment against Plaintiff pursuant to Federal Rule of Civil Procedure 58. (Docket Nos. 6, 7).

On October 29, 2024, Plaintiff filed a proposed Amended Complaint and Exhibits. (Docket Nos. 8, 9). On October 31, 2024, the Court entered a Memorandum Order finding that the proposed Amended Complaint, filed one week after the court-ordered deadline of October 22, 2024, was untimely. (Docket No. 10 at 2). Given that Plaintiff failed to meet the court-ordered deadline for filing an Amended Complaint, the Court ordered that this case would remain closed. (*Id.* at 3).

Subsequently, on November 20, 2024, Plaintiff filed an Emergency Motion to Reopen Case, along with a supplement thereto filed on November 22, 2024. (Docket Nos. 13, 14). In summary, Plaintiff contends that the case should be reopened pursuant to Federal Rule of Civil Procedure 60(b)(1) based on mistake, inadvertence, surprise, or excusable neglect because he was unaware of and/or did not understand the rules concerning the timely filing of documents with the Court. (*See* Docket Nos. 13 at 2; 14-1; 14-3). He also contends that reopening is warranted under Rule 60(b)(2) based on newly discovered evidence. (*See* Docket Nos. 14-1; 14-3).

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances. . . ." *Atkinson v. Middlesex Cnty.*, 610 F. App'x 109, 112 (3d Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)); *see also Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (observing that a court may grant a Rule 60(b) motion only in extraordinary circumstances). To that end, a court may exercise its discretion to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

2

>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also Riley v. May*, Civ. No. 04-1435-CFC, 2024 WL 166624, at *2 (D. Del. Jan. 16, 2024) ("A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances.") (citing *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988)). "[R]elief under Rule 60(b) is 'extraordinary,' and 'may only be invoked upon a showing of exceptional circumstances.' " *United States v. Tuerk*, 317 F. App'x 251, 253 (3d Cir. 2009) (quoting *Mayberry v. Maroney*, 529 F.2d 332, 336 (3d Cir. 1976)). Consequently, a party who seeks relief under Rule 60(b) bears a heavy burden. *See Plisco v. Union R.R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967) ("One who seeks such extraordinary relief from a final judgment bears a heavy burden.").

First, Plaintiff has not met his heavy burden to show that his purported unawareness and/or misunderstanding of the rules concerning the timely filing of documents amounts to mistake, inadvertence, surprise, or excusable neglect which justifies reopening the case under Rule 60(b)(1). As the Court previously explained, it is irrelevant that Plaintiff apparently signed and dated the proposed Amended Complaint on October 22, 2024, and that the mailing envelope is postmarked October 22nd, (*see* Docket Nos. 8 at 4, 10; 8-2), because the Amended Complaint was not received and filed on the District Court's docket until October 29, 2024. Plaintiff's *pro se* status did not excuse this untimely filing. To repeat, Plaintiff is not a prisoner entitled to the benefit of the federal

3

"prisoner mailbox rule," *see Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (concluding that a *pro se* prisoner's petition is deemed filed "at the time [he] delivered it to the prison authorities for forwarding to the court clerk"), and there is no prisoner-mailbox-rule equivalent for non-prisoner, *pro se* litigants. *See In re Caterbone*, Civ. No. 21-1169, 2021 WL 2414414, at *3 n.3 (E.D. Pa. June 14, 2021); *Martinez v. City of Reading Prop. Maint. Div.*, Civ. No. 16-1290, 2018 WL 1290087, at *8 n.13 (E.D. Pa. Mar. 13, 2018). As was the case here, "[i]f a non-prisoner litigant chooses to send a document by mail to the clerk of court for docketing, the litigant risks that the clerk's office will not receive and docket the document until a date that could exceed the time to act in a particular case." *In re Caterbone*, 2021 WL 2414414, at *3 n.3; *see also Martinez*, 2018 WL 1290087, at *8 n.13 (concluding that a non-prisoner, *pro se* litigant's pleading "was 'filed' when the clerk of court received it and not when [he] purportedly placed it into the mail for its eventual delivery to the clerk of court").

Even if Plaintiff's claim that he was unaware of and/or misunderstood the rules relevant to the timely filing of documents is construed as seeking relief under Rule 60(b)(1) for mistake, relief on that basis only concerns mistakes of a substantive nature. *Testa v. Hoban*, Civ. No. 17-1618, 2018 WL 5801548, at *4 (D.N.J. Nov. 6, 2018) (citing *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975) ("Rule 60(b)(1) is concerned with mistakes of a substantive nature.")). Mistake under Rule 60(b)(1) is not implicated where, as here, the case was closed for Plaintiff's failure to timely file an amended complaint. *See Testa*, 2018 WL 5801548, at *4 (finding that Rule 60(b)(1) was not implicated because the plaintiff's claims were dismissed on procedural grounds).

Next, to the extent Plaintiff seeks relief under Rule 60(b)(1) for excusable neglect, "all relevant circumstances surrounding a party's failure to file" are considered. *George Harms Const. Co., Inc. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick*

4

*Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  Here, Plaintiff's failure to comply with the Court's October 1st Memorandum Order requiring that an Amended Complaint be filed by October 22nd is not excusable.  *See Blomeyer v. Levinson*, Civ. No. 02-8378, 2006 WL 463503, at *9 (E.D. Pa. Feb. 21, 2006) ("Plaintiff, regardless of his pro se status, is bound by the same procedural rules as any party.").  The Court's October 1st Memorandum Order clearly and unambiguously stated, "[t]o the extent Plaintiff wishes to file an Amended Complaint, he must do so by October 22, 2024.  If Plaintiff fails to file an Amended Complaint by October 22, 2024, the case will be closed." (Docket No. 3 at 4).  If Plaintiff was unable to meet the established filing deadline, he could have sought an extension of time, but he failed to do so.  Although Plaintiff claims that he sought advice from others about the filing deadline, the Court's October 1st Memorandum Order unambiguously gave him notice of the deadline for filing an Amended Complaint.  *See Trinh v. Trinh*, Civ. No. 21-3595, 2024 WL 290293, at *4 (E.D. Pa. Jan. 25, 2024) (finding no excusable neglect where court's order provided *pro se* plaintiff with unambiguous notice of deadline for filing amended complaint).  While the Court is mindful of Plaintiff's *pro se* status, he ultimately bore all responsibility for complying with the Court's orders.

Further, Plaintiff is not entitled to relief under Rule 60(b)(1) because of surprise.  As just discussed, given that Plaintiff was provided clear and unambiguous notice of the deadline for filing an Amended Complaint, he is unable to plausibly claim that he was somehow surprised by that deadline.  Moreover, Plaintiff does not contend that his Amended Complaint was untimely filed due to inadvertence such that relief under Rule 60(b)(1) is warranted on that basis.  As Plaintiff's Motion indicates, he knew that October 22, 2024 was the established deadline for filing an Amended Complaint.  Therefore, his claimed unawareness and/or misunderstanding of the rules concerning timely filing of documents does not establish inadvertence.

Finally, Plaintiff has not met his heavy burden to show that this case should be reopened pursuant to Rule 60(b)(2) based on newly discovered evidence. The standard for relief under Rule 60(b)(2) requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the proceeding. *Compass Tech., Inc. v. Tseng Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995). Other than pointing out his claimed unawareness and/or misunderstanding about making timely court filings, Plaintiff has not identified any newly discovered evidence that would warrant reopening the case, let alone satisfied the three requirements for relief under Rule 60(b)(2).

For these reasons, the Court declines to exercise its discretion to grant relief under Rule 60(b)(1) and/or Rule 60(b)(2) and reopen this case. Accordingly, the Court enters the following Order:

AND NOW, this 6th day of December, 2024, IT IS HEREBY ORDERED that Plaintiff's Emergency Motion to Reopen Case, (Docket No. 13), is DENIED, and this case will remain closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:   All counsel of record

William Scott (via U.S. mail)
507 W. 157th Street
Gardena, CA 90248